An estate at will is an estate at the will of either party, and if at the will of one, it must be at the will of both. There can be no such estate as one at the will of one party only. (417) In this case, the fact that Drizzle was authorized to put an end to his tenancy whenever he pleased, conferred the same right on Maer, and Maer's will was determined when his estate was sold, for he had no longer a will on the subject. It appears to be a hard case, but it was the defendant's folly or misfortune to make such a contract. I am instructed by Ruffin, J., to say that he concurs in the opinion principally because he thinks the writing a mere personal contract, not attaching to the land, or passing, or intended to pass an estate in it, but resting entirely in contract.
PER CURIAM. Judgment affirmed.
Cited: Kitchen v. Pridgen, 48 N.C. 53.